FILED
2022 Oct-31  AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN DYSON** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **CIVIL ACTION CASE NUMBER:** |
| **V.** | ) | _____ |
| | ) | |
| **MATSU ALABAMA, INC.** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Stephen Dyson, files his Complaint against Defendant, Matsu, Alabama, Inc., and, in support thereof, shows as follows:

### JURISDICTION AND VENUE

1.     All of the events, transactions, or occurrences which gave rise to Plaintiff's claims took place in this Judicial District.  Therefore, venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1).

2.     This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, as amended ("ADA"). This Court maintains subject matter jurisdiction under 42 U.S.C. §§ 12101-12213, as amended and 29 U.S.C. §621 *et seq*.

3.     This action arises under the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq* ("ADEA"). This Court maintains subject matter jurisdiction under 29 U.S.C. § 621, *et seq.*

4.     This action arises under the "Family and Medical Leave Act," 29 U.S.C. §2611 et seq. (hereinafter "FMLA"). Plaintiff alleges interference and retaliation under the FMLA. The jurisdiction of this Court is instituted and authorized pursuant to 29 U.S.C. §2611 *et seq*.

## PARTIES

5.     Plaintiff is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America.

6.     Defendant Matsu Alabama, Inc. ("Matsu") is an employer and entity located in Madison County, Alabama at 9650 Kellner Road; Huntsville, Alabama 35824, is subject to suit and is a "covered entity," is an employer engaged in an industry affecting commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 12111(1)-(10).

## CONDITIONS PRECEDENT

7.     On November 11, 2021, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination-based disability in violation of the Americans with Disabilities Act

and violation of the Age Discrimination in Employment Act.  A copy of this Charge is attached as hereto and identified as Exhibit A.

8.     Plaintiff received a Notice of Right-to-Sue from the EEOC dated August 4, 2022, and this action is being instituted within ninety (90) days of receipt by the Plaintiff of the Notice of Right-to-Sue.  A copy of the Notice of Right-to-Sue is attached hereto and identified as Exhibit B.

## FACTUAL AVERMENTS

9.     Plaintiff Stephen Dyson began working for Matcor/Matsu Alabama, Inc. (hereinafter "Matsu") in 2015 as a Quality Engineer.

10.    Mr. Dyson was promoted within six months to Quality Manager.

11.    Mr. Dyson remained employed by Matsu until his unlawful dismissal on August 6, 2021.

12.    From 2019 through 2020, Mr. Dyson underwent several surgeries including a replacement to each hip, as well as back surgery.

13.    Mr. Dyson took FMLA leave for each of these procedures.

14.    Because Defendant Matsu Alabama, Inc. is a self-insured company with regards to health costs, it pays the cost of medical treatment for its employees rather than using an insurer.

15.    The managers of Defendant were concerned about the cost of employees' medical procedures for some time prior to Plaintiff's termination.

16.     In or around February or March, 2020, Plaintiff and his medical conditions were specifically discussed during a discussion of medical costs for which the company had paid.

17.     Others present for this discussion regarding the cost of employee healthcare included Edgar Gravitt, Barry Courtney, Marcus Zanker and Daniel Tiberini (whose father owns Matsu Alabama, Inc.), all managers and executives who are decision makers for Matsu.

18.     Specifically, Daniel Tiberini mentioned Steve Dyson, who had recently undergone a series of surgeries for which the company had paid. Daniel Tiberni stated "do you realize how much money that guy's cost us in medical?"

19.     The conversation continued with a discussion regarding how terminating employees with medical conditions would save Matsu a considerable sum of money.

20.     For obvious reasons, the discussion disproportionately centered around the older employees at Matsu.

21.      At all relevant times, Mr. Dyson has been over 40 years old and suffers from several medical conditions that qualify as disabilities under the Americans with Disabilities Act.

22.     In or around early 2021, Marcus Zanker, President of Matsu, was overheard in a meeting with Daniel Tiberini (whose father owns Matsu Alabama,

Inc.) and other decision makers for Matsu, discussing terminating employees who had high medical costs because of their health, as a cost cutting measure.

23.     At the time he was fired, Mr. Dyson had scheduled knee surgery to take place on August 16, 2021

24.     Plaintiff qualified to take leave under the FMLA for knee surgery, when he was terminated and the Defendant terminated him to keep him from taking additional leave and to avoid paying for the surgery.

25.     Approximately one week prior to his termination on August 6, 2021, Mr. Dyson notified his Supervisor, General Manager Barry Courtney and Human Resources Manager, Debbie Dabbs, that he would have knee surgery.

26.     Human Resources provided Plaintiff with FMLA forms and paperwork.

27.     Mr. Dyson was instructed to submit it about a week prior to the knee surgery, scheduled for August 16, 2021.

28.     However, Mr. Dyson was terminated on August 6, 2021.

29.     At the time of his termination, he had been working for the Defendant Matsu for six years.

30.     He was told only that the reason for his termination was "poor performance."

31.     Defendant had knowledge of Plaintiff's need for medical care and leave.

32.   Defendant wrongfully interfered with the Plaintiff's right to treat and retaliated against Plaintiff by terminating his employment and discriminated against him due to his disabilities and his age.

## CAUSES OF ACTION

## COUNT I

### Violation of the AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§ 12101-12213, as amended ("ADA")

33.   Plaintiff realleges and incorporates by reference, paragraphs 1 through 32, as if fully stated herein.

34.   Plaintiff suffers from a disability or is an individual that Defendant regarded as impaired under 42 USC § 12102.

35.   Defendant failed/refused to provide Plaintiff a reasonable accommodation to allow him time to treat his medical conditions.

36.   Defendant discriminated against him in violation of the ADA by terminating him due to his disability, medical condition and/or request for accommodation.

37.   The actions of Defendant constituted retaliation and discrimination against Plaintiff due to his disability and/or request for accommodation.

38.   Defendant purposefully and intentionally retaliated and discriminated against Plaintiff by terminating him due to his disability and/or his request for accommodation.

39.     The actions and inactions of Defendant constituted discharge of Plaintiff and/or discrimination against Plaintiff in an act or practice made unlawful by the ADA in violation of 42 U.S.C. § 12203(a).

40.     The actions and inactions of Defendant constituted interference, coercion, or intimidation of Plaintiff in the exercise or enjoyment of his rights protected by the ADA, in violation of 42 U.S.C. § 12203(b).

41.     The actions and inactions of Defendant violated 42 U.S.C. § 12203(a) and (b).

42.     Plaintiff has, is, and will continue in the future to suffer pecuniary and non-pecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 12203(a) and (b) 34 including emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other losses.

43.     By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief as set forth below:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Dyson, prays that that this Court:

(a)     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the Americans with Disabilities Act, as amended;

(b)     Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with

Defendant or at Defendant's request from violating the Americans with Disabilities Act, as amended;

(c)     Grant Plaintiff an Order requiring Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, expenses;

(d)     Award Plaintiff back pay, front pay, and an equal amount in liquidated damages, in an amount to be determined by this Court;

(e)     Award Plaintiff costs and attorneys' fees; and

(f)     Grant such further, other and different relief, including equitable, as this Court may deem just and proper.

## COUNT II

### Violation of the AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. § 621, *et. seq.*, as amended  ("ADEA")

44.     Plaintiff repeats and realleges the allegations contained in paragraph 1 through 43 above, as if fully set forth herein.

45.     Plaintiff is a member of a protected class inasmuch as he was above the age of forty (40) years of age at the time of his termination.

46.     At the time of his termination, Plaintiff was performing his job duties at a level that met Defendant's legitimate expectations.

47.     Plaintiff's termination was because of his age in violation of 29 U.S.C. § 621, 623.

48.     Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life,

and other nonpecuniary losses as a direct result of Defendant's violation of the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq*.

49.     By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief as set forth below:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Dyson, prays that that this Court:

(a)     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the Age Discrimination in Employment Act, as amended;

(b)     Award Plaintiff back pay, front pay, and an equal amount in liquidated damages, in an amount to be determined by this Court;

(c)     Award Plaintiff costs and attorneys' fees; and

(d)     Grant such further, other and different relief, including equitable, as this Court may deem just and proper.

### COUNT III

### Interference and/or Retaliation in Violation of
### FAMILY MEDICAL LEAVE ACT 29 U.S.C. §2611 *et seq.,* as amended ("FMLA")

50.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 49, as if fully stated herein.

51.     Defendant is an employer in accordance with 29 U.S.C. §2611.

52.     Plaintiff was an eligible employee at the time of his serious medical illness in that he was a person entitled to leave pursuant to the FMLA, 29 U.S.C. §2611 *et seq.*

53.     Plaintiff had been employed with Defendant for at least twelve (12) months and had worked more than One Thousand Two Hundred and Fifty (1250) hours in the preceding twelve (12) months.

54.     Defendant had knowledge of Plaintiff's need for medical care and leave.

55.     Defendant wrongfully interfered with Plaintiff's right to treat by terminating his employment.

56.     Defendant retaliated and/or took adverse action against Plaintiff due to his need for leave in violation of FMLA 29 CFR § 825.220 to avoid its obligation to provide intermittent leave.

57.     As a result of Defendant's actions, Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of wages, cost of medical care, compensation and other benefits and conditions of employment.

58.     By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief as set forth below:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Dyson, prays that that this Court:

(a)    Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

(b)    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family and Medical Leave Act, as amended;

(c)    Grant Plaintiff an order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, compensatory damages for back pay, liquidated damages, interest, and costs under the provisions of the FMLA;

(d)    Award Plaintiff's costs, expenses, and attorney fees; and

(e)    Grant such further, other and different relief, including equitable as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**.

Respectfully submitted this the 30th day of October, 2022.

*/s/ Teri Ryder Mastando*
Teri Ryder Mastando (ASB-4507-E53T)

*/s/ Eric J. Artrip*
Eric J. Artrip (ASB-9673-I68E)

*Attorneys for Plaintiff Stephen Dyson*
**MASTANDO & ARTRIP, LLC**
301 Washington Street, Suite 302
Huntsville, Alabama 35801
Phone:(256) 532-2222
Fax: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

**MATSU ALABAMA, INC.**
**c/o C T CORPORATION SYSTEM**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**